UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL E. KELLY, et al.<br><br>    Defendants. | Case No. 1:23-mc-00040-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND ANALYSIS

Pending before the Court is Christine M. Tencza's Motion to Quash Subpoena. Dkt. 1. Tencza is not a party to this lawsuit. She claims, however, to be the wife of John E. Tencza—a defendant in an action brought by the United States Securities and Exchange Commission (SEC) many years ago in the Northern District of Illinois.[1] Tencza brings this motion after the SEC purportedly served a subpeona on Discover Financial Services—located in Riverwoods, Illinois—on January 20, 2023. *Id.*, at 2. Tencza does not explain the legal relationship she, or her husband, have with this organization. She does, however, argue, in her two-sentence motion, that because the subpoenaed records are under an account "solely in [her] name" they are irrelevant to the case. *Id.*, at 2.

Despite the lack of details and clarity surrounding the entire situation, the Court

---

[1] Tencza has titled her documents consistent with that case from the Northern District of Illinois that was closed over four years ago. Illinois Case No. 07-cv-04979-EED. It is not clear why Tencza titled her documents in this manner. It is also not clear if the subpoena at issue is related to that closed case.

does not have jurisdiction to decide the merits of Tencza's motion and must dismiss the motion (and, subsequently, the entire case).

A district court has jurisdiction to quash or modify a subpoena only if a motion is filed in the "district where compliance is required." Fed. R. Civ. P. 45(d)(3)(B). The district of compliance for a subpoena requesting "production of documents, electronically stored information, or other tangible things" is the district "within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A).

Though the Court cannot be sure, it appears that Tencza has filed her motion with the District of Idaho because she likely resides in the state of Idaho.[2] Regardless, the SEC served the subpoena on Discover Financial Services and not on Tencza directly. Dkt. 1., at 1. Therefore, the "district where compliance is required" (Fed. R. Civ. P. 45(d)(3)(B)), and where Tencza's Motion to Quash could be heard, is determined by the residence of Discover Financial Services, not Tencza's residence. As it appears Discover is headquartered in Riverwoods, Illinois—which is located within the Northern District of Illinois—the District of Idaho is not the "district where compliance is required" for the SEC's issued subpoena. *Id.* Thus, this Court is not the proper court for Tencza's Motion to Quash Subpoena.

///

///

---

[2] The Court makes this assumption based upon the fact that Tencza's filing was notarized by a Notary Public in Idaho. *See* Dkt. 1, at 3.

MEMORANDUM DECISION AND ORDER - 2

## II. ORDER

The Court HEREBY ORDERS:

1. Christine M. Tencza's Motion to Quash is DENIED as procedurally improper because the Court lacks jurisdiction over the same.

2. This case is CLOSED.

DATED: June 8, 2023

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3